UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| HERBERT F. WARRENDER, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:17-cv-00101-JAW |
| v. | ) | |
| | ) | |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Herbert Warrender, an inmate in the custody of the Maine Department of Corrections (the Department), at the Mountain View Correctional Facility, alleges the Department has unlawfully denied him credit for time served on a concurrent sentence. Plaintiff also asserts the Department required that he perform uncompensated labor and improperly assigned him to the Maine State Prison for a period of time.

Plaintiff has filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

1

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**BACKGROUND FACTS**[1]

Plaintiff alleges that Defendant Fournier, a sergeant with the Androscoggin County Sheriff's Office, and Defendant Brochu, Plaintiff's former attorney, violated Plaintiff's constitutional rights. Specifically, Plaintiff asserts Defendant Fournier failed to execute a personal recognizance bail bond while Plaintiff was in intensive care at a medical facility, and that Defendant Brochu made an agreement with the State that deprived Plaintiff of credit for time served and exposed Plaintiff to financial liability for emergency medical services. (Complaint ¶¶ 2 – 4, ECF No. 1.) Plaintiff also alleges that Defendant Brochu

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

failed to inform Plaintiff of a motion that was heard in state court on October 12, 2012. (*Id.* ¶ 5.)

Plaintiff further asserts the Department miscalculated or omitted credits toward his state sentence, including time served on a concurrent federal sentence, "day by day service" credit, and "presentence good time" credit. (*Id.* ¶¶ 8, 9, 10, 15, 17.) For example, Plaintiff apparently claims that he should have received credit, pursuant to 17-A M.R.S. § 1253(2), for good time accrued while serving his federal sentence. (*Id.* ¶ 13.) Additionally, Plaintiff alleges the Department placed him in the Maine State Prison because the Department considered him an "administrative burden" based on his assertions that he had served his time; he further asserts the Department made him perform "hard labor" without compensation. (*Id.* ¶¶ 7, 12.)

Plaintiff claims the Department "owes [him] 597 days credit for day by day service and 154 days statutory good time." (*Id.* ¶ 17.) Plaintiff also requests an award of money damages against the Department, Defendant Fournier, and Defendant Brochu. (*Id.* at pp. 4, 8.) [2]

---

[2] The Court does not have before it the state court record. However, the Court's docket for case number 05-cr-00043-JAW reflects that Plaintiff was detained at the Androscoggin County Jail beginning on or about November 16, 2010, following arrest on Class B felony state fraud charges and on a motion in this Court to revoke supervised release. (ECF Nos. 80, 83.) The Court ordered Plaintiff detained pending the revocation hearing. (ECF No. 92.) The hearing was delayed due to Plaintiff's unopposed motion for a psychiatric examination. (ECF Nos. 100, 101.) Plaintiff was committed to the custody of the Attorney General and was examined at Federal Medical Center Devens, where he was assessed as not competent to stand trial. At his May 6, 2011, competency hearing, the Court found Plaintiff not competent to stand trial. (ECF No. 112.) Subsequently, the Court determined Plaintiff was competent to stand trial. (ECF No. 127.) The Court ultimately revoked Plaintiff's supervised release and sentenced him to 24 months incarceration. (ECF No. 132.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

**A.  Plaintiff's Claims Concerning the Duration of His State Sentence**

To the extent Plaintiff asserts his claim against the Department, the State and its agencies are not persons subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars the case from proceeding against the Department in federal court. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003).

In addition, to the extent Plaintiff asserts his claim against Defendant Fournier, a municipal officer with state authority, although Sergeant Fournier might be susceptible to suit under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff has failed to assert any facts that would support a plausible federal claim against Defendant Fournier. Indeed, the

relationship between Defendant Fournier's alleged failure to execute a bail bond and the Department's calculation of Plaintiff's credit toward a state sentence for time served on a federal sentence is not evident from Plaintiff's pleading.

Even if Plaintiff's claim against Defendant Fournier could be construed to assert a federal claim, because Plaintiff's claim is premised on his alleged right to release from the Department's custody, Plaintiff cannot proceed on a § 1983 civil rights action unless he first successfully challenges the State's sentence calculation, either through state court proceedings or through a federal habeas proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that Congress "determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact *or length of* their confinement, and that specific determination must override the general terms of § 1983" (emphasis added)). *See also Heck v. Humphrey*, 512 U.S. 477, 486 – 87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional … imprisonment, … a § 1983 plaintiff must prove that the … sentence has been … declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Plaintiff has not alleged, nor does the record otherwise reflect, that Plaintiff has successfully challenged his sentence in a prior proceeding.

**B.   Conditions of Confinement**

Plaintiff's claim based on his transfer to the Maine State Prison and his uncompensated work is conceivably within the Court's subject matter jurisdiction under 42 U.S.C. § 1983. The claim would be based on the Due Process Clause of the

Constitution. Plaintiff, however, has failed to assert facts that would support a plausible claim.

"[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). With respect to the Due Process Clause, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976). For example, to raise a due process concern over a deprivation of liberty, a prisoner's complaint must describe an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The mere fact that Plaintiff was assigned at some point to the Maine State Prison does not constitute an atypical and significant hardship. A convicted prisoner does not have a constitutional right to confinement in a particular facility. *Wilkinson v. Austin*, 545 U.S. 209, 221 – 22 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amendable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence" (concerning administrative segregation)); *Meachum v. Fano,* 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low– to maximum–security prison because "[c]onfinement in any of the

State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").

Additionally, Plaintiff's bald allegation of "hard labor" fails to describe any tasks that could fairly be characterized as an atypical and significant hardship. *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) ("[P]risoners do not have a legal entitlement to payment for their work."); *Northrop v. Fed. Bureau of Prisons*, No. 1:08-cv-00746, 2008 WL 5047792, at *8 (M.D. Pa. Nov. 24, 2008) (collecting cases indicating that prisoners may be required to work and that there is no constitutional right to payment for services). Plaintiff simply has not asserted "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

**C.     Retaliation**

Plaintiff evidently attempts to assert a retaliation claim when he alleges the Department transferred him to the Maine State Prison because he "sought as to why he was being held, since he served his time."  (Complaint ¶ 12.)  As explained above, the Department is not subject to suit in federal court on Plaintiff's § 1983 claims because the Department is not a person subject to § 1983, and the Eleventh Amendment bars Plaintiff from proceeding on the claim against the Department in federal court.  *Will,* 491 U.S. at 64; *Poirier*, 558 F.3d at 97 n. 6; *Nieves–Marquez Rico,* 353 F.3d at 124.

**D.     State Claims**

Plaintiff's claim against Defendant Brochu, his former attorney, is evidently a state law claim based on Defendant's Brochu's alleged negligence.  The Court lacks jurisdiction over a claim based on state law because the parties, Maine residents and a state agency, are

not diverse for purposes of federal court diversity jurisdiction. *Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005) ("Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant."). Because the citizenship of the parties is not diverse, and because there is no actionable federal claim, dismissal of Plaintiff's state claim is appropriate. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.[3]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated this 12th day of April, 2017.            /s/ John C. Nivison
                                                U.S. Magistrate Judge

---

[3] A prisoner who mistakenly files a habeas matter as a § 1983 claim can request leave to amend to assert the habeas claim. *Cassell v. Osborn*, 23 F.3d 394, 1994 WL 159424, 1994 U.S. App. LEXIS 8991, n.5 (1st Cir. 1994) (unpublished per curiam opinion). However, when deciding whether to file a habeas petition, Plaintiff should consider whether he has exhausted his state-provided remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State …."). Plaintiff's claim regarding the calculation of credit for time served under 17-A M.R.S. § 1253(2) appears to be a "post-sentencing proceeding" under Maine law, *see* 15 M.R.S. § 2121(2), whereas his claim concerning the calculation of good time credits under 17-A M.R.S. § 1253(3) appears to be an "administrative action" that requires exhaustion of the Department's administrative grievance process, followed by state court review under Me. R. Civ. P. 80C. *Roderick v. State*, 2013 ME 34, 79 A.3d 368, 370 n.2. Additionally, federal habeas relief under 28 U.S.C. § 2254 requires a showing that the State's custody of Plaintiff violates the United States Constitution or the laws or treaties of the United States. A violation of state law, standing alone, would not suffice for federal habeas relief.